Dear Rep. Bruneau:
This office is in receipt of your request for an opinion of the Attorney General relative to the DROP program for judges under R.S. 11:558 as contrasted with the general provisions of the DROP program in the State Employees' Retirement System. Your questions are as follows:
 1. Under the provisions of R.S. 11:558(A)(5)(b), are judges who would be eligible to retire either now or at some future date under the DROP plan required to exercise the DROP option before Nov. 21, 1993, or is this provision solely applicable to judges subject to paragraph (A)(5)(a)(i);
 2. If the Nov. 21, 1993 cut off date is applicable only to judges subject to paragraph (5)(a)(i), then what are the requirements for entry into DROP program for a judge who is eligible or intends to retire at some future date under paragraphs (A)(1)-(4); and may such judges withdraw their application to enter the DROP program prior to entering the same or is the exercise of the option irrevocable; and
 3. Does entry into the DROP program preclude all judges who so enter from seeking another judicial office, or is this prohibition applicable only to judges who retire subject to paragraph (AA)(5)(a)(i).
R.S. 11:558(A)(1) through (4) is in regard to eligibility for retirement for those person who are members of the Louisiana State Employees' retirement system and have a specified amount of creditable service and age required for retirement as a judge or court officer. Paragraph (5)(a)(i) is relative to any judge covered by this section or covered by R.S. 11:1351 through 1358, which is for judges that did not exercise the option to become a member of the State Employees Retirement System, whose judicial division or position was not precleared by the U.S. Department of Justice or is serving in a court which has been held to be in violation of the Voting Rights Act or was restructured by federal court order. These judges are allowed to retire at the end of service in office regardless of age and years of service, provided such judge does not seek election to another judicial office. It is Paragraph (5)(a)(ii) that sets forth the guidelines for retirement benefits. Paragraph (5)(b) had provided any judge seeking to avail himself of this provision must make application for such retirement before November 21, 1991, and such application would be irrevocable. This was amended by Act 264 of 1993 to provide that any judge seeking to avail himself of this provision "shall make application for such retirement before November 21, 1993, and such application shall be irrevocable."
We note that R.S. 11:558 was redesignated into Title 11 from R.S. 13:16, and Act 1063 of 1991 amended R.S. 13:16 by adding paragraph A(5). With this understanding we find Atty. Gen. Op. No. 91-529, as attached, pertinent to your inquiry.
LASERS board had enacted rules that provided since the retirement under Act 1063 was not regular retirement, judges retiring under this provision would not be eligible for participation in DROP. This office concluded that Act 1063 was not an "early retirement incentive or similar plan", but the Act was an amendment to the regular retirement system for judges, and allows judges affected by Federal action to retire when they would not otherwise have been able to do so. It was pointed out that Rep. Donelon, author of Act 1063, in a letter on Aug. 21, 1991 indicated that the Act was in no way intended to deny to any affected judge participation in DROP, and this office concluded judges who were members of the State Employees' Retirement System and eligible for regular retirement for at least one year, could not be prohibited by LASERS rules from electing to participate in DROP. See also, Edwards v. Trustees,600 So.2d 1353 (La.App 1992).
In answer to your first question, we find that Act 264 of 1993 sets a cut off date of November 21, 1993 for any judge to make application for retirement under the provisions of paragraph (5)(a) which refers to judge's qualification to retire because of federal action concerning the judge's judicial district. The DROP plan is in lieu of terminating employment, and the cut off date is not applicable to participation in DROP except insofar as entry into DROP relates
to retirement. Obviously, entry into DROP has to be before actual retirement, and R.S. 11:446, Deferred Retirement Option Plan, provides in lieu of terminating employment and accepting a retirement allowance, any member of this system who has been eligible for regular retirement for at least one year may elect to participate in the deferred retirement option plan.
With regard to your questions we find that the November 21, 1993 cut off date is applicable only to judges subject to paragraph (5)(a)(i), and the requirements for a judge who intends to retire under R.S. 11:558(A)(1)-(4) to enter DROP is set forth in R.S. 11:447 et seq.
In answer to your question whether a judge may withdraw his application to enter the DROP program prior to entering the same, in accordance with R.S. 11:451 once participation in the DROP plan commences, the election to participate is irrevocable. It follows, until the participation commences, a judge may withdraw his application. Upon the effective date of commencement in the plan, membership in the retirement system shall cease.
In your last question you ask if entry into the DROP program precludes all judges who so enter from seeking another judicial office or if the prohibition is applicable only to judges who retire under (A)(5)(a)(i). We find this prohibition is applicable only to judges who retire under the provisions of R.S. 11:558(A)(5).
We hope that we have properly understood and answered your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR